Angela L. Morgan, Bar No. 208585
LOGAN LAW GROUP
2410 Camino Ramon, Suite 274
San Ramon, California 94583
Telephone: (925) 277-9794
Facsimile: (925) 558-0012

Attorney for Plaintiff
SAM CHILES

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SAM CHILES, <br><br> PLAINTIFF, <br> v. <br><br> KAISER FOUNDATION HOSPITALS, FREZGHI MENGISTAB, DEANA VESTNYS, DANIEL PENN M.D., AND DOES 1 through 50, <br><br> DEFENDANTS. | CASE NO.: 12-5796 <br><br> COMPLAINT FOR: <br> 1. DISCRIMINATION ON THE BASIS OF RACE AND AGE – CAL. GOV. CODE §12940 et. seq. <br> 2. DISCRIMINATION ON THE BASIS OF RACE AND AGE IN VIOLATION OF 42 U.S.C. §1981 and 42 U.S.C. §2000e-2 <br> 3. HARASSMENT AND CREATION OF HOSTILE WORK ENVIRONMENT – CAL. GOV. CODE §12940(i) and 42 U.S.C. §2000e |

COMES NOW Plaintiff SAM CHILES complains and for causes of action alleges as follows:

This action is brought to remedy Defendants' unlawful and arbitrary practices and policies of discrimination on the basis of race, age, unfair labor practices, and violation of public policies. Plaintiff seeks compensatory and punitive damages, and attorneys' fees.

### JURISDICTION AND VENUE

1. The jurisdiction of this court is invoked under Title VII of the Civil Rights Act of 1964, as

- 1 -

COMPLAINT FOR DAMAGES

amended, 42 U.S.C. 2000e et. seq.; pursuant to Title VII, 42 U.S.C. 2000e and 2000e-2, and; 42 U.S.C. 1981a.

### ADMINISTRATIVE REQUIREMENT FULFILLED

2. On November 5, 2011, Plaintiff filed a Complaint of discrimination with the United States Equal Employment Opportunity Commission alleging discrimination violations of Title VII by Defendant Employers. Notice of Right-to-Sue was issued on November 14, 2011. Attached and Incorporated herein as Exhibit A is a true copy of said Right-to-Sue Notice. This lawsuit was filed within one year from the date of notice.

3. All administrative filing requirements were therefore timely and properly met by Plaintiff prior to the initiation of this lawsuit.

### PARTIES

4. Plaintiff is, and at all times mentioned herein, was a resident of Contra Costa County, State of California. Plaintiff is by race, age and appearance a member of a protected group, a 42 year old African American male.

5. At all times relevant herein, Defendant, Kaiser Foundation Hospital (hereinafter "KAISER") is and was an entity of unknown form authorized to do and doing business in the County of Sonoma, State of California. KAISER employs at least the minimum number of persons needed to qualify and do business within the State of California and upon which certain legal duties and obligations arise under certain statues and laws including but not limited to California Government Code §12900, et seq §12940, §12926 and §12926.1 and Federal Civil Rights which are all in full force and effect and were binding on Defendants and Defendants were subject to their terms.

6. Defendant Frezghi Mengistab (hereinafter "MENGISTAB") is employed by and at all times mentioned in this Complaint is a Magnetic Resonance Imaging Lead Technician at Defendant

COMPLAINT FOR DAMAGES

KAISER.

7. Defendant Deana Vestyns (hereinafter "VESTYNS") is employed by and at all times mentioned in this Complaint is a SRO Imaging Services Assistant Director at Defendant KAISER.

8. Defendant Daniel Penn, M.D. (hereinafter "PENN") is employed by and at all times mentioned in this Complaint is the Chief of Medical Imaging at Defendant Kaiser.

9. In doing the acts or failing or omitting to act as described herein, Defendants, and each of them, were acting with the actual and implied consent of the other Defendants.

10. The true names and capacities of the Defendants named herein as Does 1-50 inclusive, whether individual, sole proprietorship, partnership, corporate associate, or otherwise, are unknown to Plaintiff and therefore he sues such Defendants by fictitious names and upon which certain legal duties and obligations arise under certain statutes and laws including but not limited to California Government Code §12900, et seq §12940, §12926 and §12926.1 and Federal Civil Rights which are all in full force and effect and were binding on Defendant and Defendant was subject to their terms Plaintiff will amend this Complaint to show such true names and capacities when they have been determined.

11. Each Defendant, at all times mentioned herein, separately and in concert, acted or failed to act. Each Defendant separately and in concert, engaged in conduct as described herein which deprived Plaintiff of the rights, privileges, and immunities secured and protected by law.

12. Plaintiff is informed and believes and thereon alleges that at all times herein described each of the Defendants was the agent and/or employees of the other Defendants and, in doing the acts and omissions herein described were acting within the course and scope of such agency and employment.

## FACTS COMMON TO ALL CAUSES OF ACTION

13. On or about July 23, 2007, Plaintiff entered into a contract of employment with Kaiser and

- 3 -

COMPLAINT FOR DAMAGES

Does 1-50, which was partially oral, partially written and partially implied, for full time employment as a Magnetic Resonance Imaging Technician.

14. During Plaintiff's five years of employment with Defendant Kaiser, there were several incidents of discrimination that occurred against Plaintiff at the hands of Defendant Kaiser and its supervisors and/or agents and Defendant Mengistab, Defendant Vestnys and Defendant Penn. Defendants and each of them played a role in the unlawful employment practices, discrimination, harassment, disparate treatment, and creation of hostile work environment described herein, either directly, indirectly or through aiding and abetting other Defendants.

15. Plaintiff, the only African American within the department and the youngest in the department, made several complaints about Defendants' disparate treatment of him, all to no avail.

16. Defendant Kaiser allowed the discriminatory acts of their agents,and/or employees to continue against Plaintiff.

17. Throughout Plaintiff's employment with Kaiser, Plaintiff performed his job in a capable and competent manner and was regularly given compliments regarding his outstanding performance. Plaintiff consistently received positive and satisfactory performance appraisals from his patients.

18. Since Plaintiff's employment with Defendant Kaiser, all Defendants and their agents and/or employees have engaged in unlawful practices in violation of Sections 703(a) of Title VII, 42 U.S.C. Section 2000e-2, 42 U.S.C. Section 1981, California Constitution Article I, Section 8, California Govt. Code Section 12940 et. seq and other statutes as set forth within, by discriminating against Plaintiff because of his race and age and by creating a hostile work environment for Plaintiff. Defendants' unlawful actions as described within were all in violation of public policy.

19. During Plaintiff's employment with Defendant Kaiser, Plaintiff was the targeted victim of numerous discriminatory and harassing actions and remarks made by Defendants Frezghi, Mengistab, and Vestnys on the basis of his race and age. These actions and remarks included but are not limited to the following:

- 4 -

COMPLAINT FOR DAMAGES

a. Plaintiff was denied the same training as the other same level MRI Techs in his department, preventing him from qualifying for various job opportunities at Kaiser;

b. Plaintiff was not allowed to work at the same facilities as the other same level MRI Techs due to the lack of training;

c. Plaintiff was embarrassed and humiliated on numerous occasions by all Defendants in front of patients and his peers;

d. Plaintiff was often allowed only 45 minutes for lunch while all of the other MRI Techs in his department were allowed an hour;

e. Plaintiff was continuously asked to perform services not required of or listed in his job description that were not asked of the same level techs in his department;

f. Plaintiff's schedule was constantly changed last minute often not providing him reasonable time; and

g. Plaintiff has reason to believe that Defendants contacted his other employer and made derogatory comments about him affecting his job opportunities.

19. Plaintiff was further treated differently than other same level techs in his department and discriminated against for minor mistakes previously committed by other techs. Defendants did not reprimand Plaintiff's co-workers for the same acts Plaintiff was disciplined for.

20. Plaintiff complained to Defendant Kaiser's agents/employees regarding the discriminatory treatment and hostile work environment mentioned herein and requested that actions and steps be taken to correct said unlawful treatment. Defendants and each of them failed and refused to correct Defendants' and each of their unlawful discriminatory behavior and continued to discriminate against and harass Plaintiff.

21. As a proximate result of Defendants' and each of their unlawful and discriminatory practices complained of within, Plaintiff has been deprived of equal employment opportunities, loss of wages, loss of benefits, loss of training, loss of promotional opportunities and loss of professional reputation.

COMPLAINT FOR DAMAGES

22. As a proximate result of Defendants' and each of their unlawful and discriminatory practices complained of within, Plaintiff was advised to transfer to another facility because the discrimination and harassment of Defendants "was not going to stop and he was outnumbered". Plaintiff believing he had no choice transferred to another facility. Plaintiff's reputation has been damaged. Due to the discriminatory acts of Defendants and each of them Plaintiff is now known as the "Angry Black Man". Plaintiff has suffered severe emotional distress, has been devastated emotionally, incurred attorney fees and costs as a result of Defendants' and each of them unlawful and discriminatory actions.

FIRST CAUSE OF ACTION
Discrimination Based On Race And Age
Violation of Cal. Gov. Code §12940 et. seq.)
(Against Defendant KAISER and Does 1-50)

23. Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 22 of this Complaint as though set forth herein.

24. At all times mentioned in this Complaint, Government Code §§ 12940 *et seq.* were in full force and effect and was binding on Defendants. These subsections require Defendants to refrain from discriminating against any employee on the basis of race and age, among other things.

25. Plaintiff believes and thereon alleges that his race and age were factors in Defendants' harassing and discriminating against him. He believes that Defendants' refusal to treat him as the older same level non-black techs was racially motivated. Plaintiff believes that Defendants' failure to train him the same as the older same level non-black techs was racially motivated. Plaintiff believes that Defendants purposefully prevented him from working in the same facilities as the older non-blacks same level techs was racially motivated. Plaintiff believes that the tone and the words spoken to him meant to demean, humiliate and embarrass him were racially charged and also due to being the youngest in the department. Such discrimination is in violation of the public policy of the State of California as reflected in Cal. Govt. Code §12940 et. seq., and has resulted in damages and

injury to Plaintiff as alleged herein.

26. Kaiser and Does 1-50 discriminated against Plaintiff in the terms, conditions and existence of his employment based upon his race and age. This violated Govt. Code §12940 including subsection (a). Kaiser intentionally discriminated against Plaintiff, individually, constituting disparate treatment.

27. Defendants willfully and intentionally discriminated against Plaintiff because of his race and age. Defendants imposed harsher standards on Plaintiff than the older similarly situated non-Black techs within the department. Defendants imposed different terms and conditions of employment on Plaintiff because of his race and age.

28. Defendants Kaiser and Does 1-50, and each of them and or their agents/employees acts as described herein was malicious, oppressive and done with a willful and conscious disregard of Plaintiff's rights. The discrimination against Plaintiff based on his race and age was wrongful and justifies the imposition of punitive damages as their actions are against public policy. Defendants intentionally discriminated against Plaintiff on account of his race and age. Defendants' acts were malicious, oppressive and fraudulent with the wrongful intention of injuring Plaintiff. Defendants acted with an evil purpose, in an intentional and deliberate manner, in violation of Plaintiff's rights and with a conscious disregard for his rights. As a result, Plaintiff is entitled to punitive damages in an amount to be proven at trial.

29. As a proximate result of Defendants' willful, knowing and intentional discrimination against Plaintiff, he has sustained substantial losses in earnings and other employment benefits, to his damage in an amount to be established at trial.

30. As a proximate result of Defendants' willful, knowing and intentional discrimination against Plaintiff, Plaintiff has suffered harm, humiliation, embarrassment, emotional distress, and mental pain and anguish, all to his detriment in an amount to be established at trial.

COMPLAINT FOR DAMAGES

31. Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known.

## SECOND CAUSE OF ACTION
### Discrimination Based On Race And Age
### Violation of 42 U.S.C. §1981 and 42 U.S.C. §2000e-2 et. seq.)
### (Against Defendant KAISER and Does 1-50)

32. Plaintiff re-alleges and incorporates by reference as if fully set forth herein paragraphs 1 through 27 above.

33. At all times mentioned in this Complaint, 42 U.S.C. §1981 and 42 U.S.C. §2000e-2 were in full force and effect and binding on the Defendants. These federal statutes require Defendants to refrain against discriminating, harassing, demoting, and other unlawful practices against any employee on the basis of race and age.

34. Plaintiff believes and thereon alleges that his race and age were factors in Defendants' failure to train Plaintiff as other non-black techs within the department were trained, Defendants' refusal to promote him, their refusal to allow him the required amount of time for breaks and lunches, their refusal to treat him with the same respect as other non-black techs in the department, their disparate treatment of Plaintiff, and other actions as alleged herein in Paragraphs 1 through 27 above constitutes violations of the public policy of the U.S. government as reflected in 42 U.S.C. §1981 and 42 U.S.C. §2000e-2, and has resulted in damages and injury to Plaintiff as alleged herein.

35. As a proximate result of Defendants' willful, knowing and intentional discrimination against Plaintiff, he has sustained substantial losses in earnings and other employment benefits, to his detriment in an amount to be established at trial.

36. As a proximate result of Defendants' willful, knowing and intentional discrimination against Plaintiff, Plaintiff has suffered harm, humiliation, embarrassment, emotional distress, and mental pain and anguish, all to his damage in an amount to be established at trial.

COMPLAINT FOR DAMAGES

37. In light of Defendants' willful, knowing and intentional discrimination against Plaintiff, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

38. Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known.

### THIRD CAUSE OF ACTION
Harassment & Creation of Hostile Work Environment –
Violation of Government Code §12940(i) and 42 U.S.C. §2000e-2)
(Against Defendant KAISER, MENGISTAB, VESTNYS and Does 1-50)

39. Plaintiff restates and incorporates by this reference each and every allegation contained in paragraphs 1-27 and 33-34 of this Complaint as though set forth herein.

40. At all times mentioned in this Complaint, Government Code §12940(i) and 42 U.S.C. §2000e-2 were in full force and effect and were binding on Defendants. These codes require Defendants to take all reasonable steps to prevent discrimination and harassment from occurring. As alleged above, Defendants violated this subsection by failing to take all reasonable steps necessary to prevent discrimination and harassment from occurring. Instead, Defendants created a hostile working environment for Plaintiff in violation of Government Code §12940(i) and 42 U.S.C. §2000e-2.

41. The harassment against Plaintiff perpetrated by Kaiser, Dr. Penn, Mengistab, Vestnys and Does 1-50, and each of them and/or their agents/employees was wrongful and requires Defendants to be subject to punitive damages since his termination was against public policy Defendants and each of them and/or their agents and employees authorized, ratified and condoned this unlawful conduct. Defendants acted maliciously and oppressively and with the intent to injure Plaintiff. Defendants acted with an evil purpose, in an intentional and deliberate manner, in violation of Plaintiffs legal rights, and with conscious disregard for those rights. As a result, Plaintiff is entitled to recover punitive and exemplary damages against each of them in an amount to be proven at trial.

COMPLAINT FOR DAMAGES

42. As a proximate result of Defendants' willful, knowing and intentional harassment and discrimination against Plaintiff, she has sustained and continues to sustain substantial losses in earnings and other employment benefits, to her damage in an amount to be established at trial.

43. As a proximate result of Defendants' willful, knowing and intentional harassment and discrimination against Plaintiff, Plaintiff has suffered harm, humiliation, embarrassment, emotional distress, and mental and physical pain and anguish, all to her damage in an amount to be established at trial.

44. Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known.

45. As a direct and proximate result of the harassment perpetrated against Plaintiff by Defendants and/or their agents and/or employees, Plaintiff has suffered severe mental distress, humiliation, embarrassment, anxiety, sleeplessness, depression, loss of earnings and other employment benefits and other general and special damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants and each of them as follows:

1. For compensatory damages according to proof, including lost earnings and other employee benefits, and damages for emotional distress, humiliation, and mental anguish;

2. For interest on lost earnings and benefits at the prevailing legal rate from first date of loss;

3. For punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct;

4. For reasonable attorney's fees incurred by Plaintiff in obtaining the benefits due him under the employment contract with Defendants;

5. For prejudgment interest on such damages as provided by law;

COMPLAINT FOR DAMAGES

6. For costs of suit incurred by Plaintiff; and

7. For such other and further relief as this court deems just and proper.

Dated: November 5, 2012

LOGAN LAW GROUP

_____

Angela L. Morgan
Attorney for Plaintiff Sam Chiles

- 11 -

COMPLAINT FOR DAMAGES