UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM CHILES,<br><br>    Plaintiff,<br><br>    v.<br><br>THE PERMANENTE MEDICAL GROUP,<br><br>    Defendant. | Case No. 12-cv-05796-MEJ<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 25 |

    Plaintiff filed this action against Defendant The Permanente Group asserting claims for racial and age discrimination, harassment, and creation of a hostile work environment in violation of federal and California law. Am. Compl., Dkt. No. 5. Specifically, Plaintiff alleges that after transferring to Kaiser Santa Rosa, he was subjected to racial comments by his superiors, bullying, and disparate treatment. Pl. Opp. at 4, Dkt. No. 33. In Plaintiff's First Amended Complaint, he asserts claims for: (1) unlawful discrimination based on race and age in violation of California Government Code section 12940; (2) unlawful discrimination based on race and age in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 2000e-2; (3) harassment and creation of hostile work environment in violation of Government Code § 12940(i) and 42 U.S.C. § 2000e-2. Am. Compl. at 6-10.

    On November 7, 2013, Defendant filed the pending Motion for Summary Judgment (Dkt. No. 25), to which Plaintiff filed an Opposition (Dkt. No. 33). The Court has reviewed the parties' submissions and finds that Defendant's Motion fails to adequately set forth Plaintiff's claims, citations to controlling authorities, and citations to its evidence in support. As indicated above, Plaintiff has asserted distinct claims under Title VII, § 1981, and California Government Code section 12940. Rather address each of Plaintiff's claims individually -- setting forth the allegations

of Plaintiff's claim, the controlling standard for that claim, Defendant's argument in support of judgment on that claim, and Defendant's proffered evidence supporting its argument (or noting the lack of evidence from Plaintiff on a key element of the claim) -- Defendant merely launches into argument devoid of citation to either the record or supporting legal authorities. It is not the Court's responsibility to scour the record to identify the allegations underlying each claim at issue and organize the parties' arguments to determine whether there is a legal basis to grant or deny summary judgment. The parties' briefs and statements of fact should make clear what Plaintiff's claims are and the parties' competing evidentiary support for their positions.

Accordingly, the Court **DENIES** Defendant's Motion for Summary Judgment **WITHOUT PREJUDICE** to Defendant reasserting its motion in conformity with the foregoing standards. The December 12, 2013 hearing is **VACATED**.

**IT IS SO ORDERED.**

Dated: December 11, 2013.

_____
MARIA-ELENA JAMES
United States Magistrate Judge